## Richmond

IN RE: COMMONWEALTH OF VIRGINIA DEPARTMENT OF CORRECTIONS, PETITIONER

September 11, 1981.

Record No. 810667.

Present: All the Justices.

Marshall Coleman, Attorney General (James E. Kulp, Deputy Attorney General; Jerry P. Slonaker, Assistant Attorney General), for petitioner.

James C. Roberts; Edward L. Hogshire; T. Munford Boyd (Anthony F. Troy; David G. Shuford; Murray J. Janus; Dennis W. Dohnal; Theodore I. Brenner; Robert G. Cabell, Jr.; C. Michael DeCamps; Ralph B. Robertson; Michael Morchower; Francis L. Buck; Mays, Valentine, Davenport & Moore; Bremner, Baber & Janus; Cabell, Paris, Lowenstein & Bareford;

*Morchower & Associates; Paxson, Smith, Boyd, Gilliam & Gouldman, P.C.; Bailes & Buck, Ltd.),* for respondents.

COCHRAN, J., delivered the opinion of the Court.

On April 28, 1981, the Department of Corrections of the Commonwealth of Virginia (the Department) filed its petition in this Court for a writ of prohibition to be directed to the Honorable J. R. Snoddy, Jr., Judge of the Circuit Court of Cumberland County, and to that court, to prohibit the judge and the court from enforcing orders heretofore entered suspending the sentences of three convicted felons, co-defendants Larry Noel Sherman, Daniel Curry Crowley and David Steeves Taylor, and from entering orders to modify, suspend or vacate the sentences of two additional co-defendants, Douglas Bogue and William Hannah Syfrett. Service of a copy of the petition was accepted by Judge Snoddy.

The petition recites in detail the proceedings in which all five co-defendants were convicted in separate trials, upon their guilty pleas, and sentenced to serve terms in the penitentiary. Sherman was convicted of feloniously aiding and abetting in the possession of marijuana with intent to distribute, and was sentenced to serve ten years. Crowley was convicted of possession of marijuana with intent to distribute and possession of LSD, and sentenced to serve twenty years, with eight years suspended, and five years, respectively, the five-year sentence to run concurrently with the other. Taylor was convicted of feloniously aiding and abetting in the possession of marijuana with intent to distribute, and sentenced to serve ten years. Bogue was convicted of possession of marijuana with intent to distribute and possession of cocaine, and sentenced to serve twenty-five years, with five years suspended, and five years, respectively, the five-year sentence to run concurrently with the other. Syfrett was convicted of conspiring, confederating and combining with another or with others to possess marijuana with intent to distribute, and sentenced to serve twenty years, with five years suspended, to "run concurrently with any sentence he may receive from Henrico County."

Copies of court proceedings attached to the petition as exhibits show that each sentencing order required that "as soon as possible . . . the defendant be removed and safely conveyed according to law from the jail of this Court to the said penitentiary." All the

defendants, except Crowley, filed motions to set aside the verdicts and judgments and to suspend or modify all or part of the sentences. In the motions the defendants noted that they had not been removed to the penitentiary. In these cases, the trial court, within 21 days after entry of sentencing orders, entered orders, endorsed "Seen" by the Commonwealth's Attorney, stating that the defendants had not yet been committed to the penitentiary system, that the court was not prepared to rule on the motions at that time, and that the motions were taken "under advisement." Motions filed by Crowley to set aside his two convictions did not seek suspension or modification of his sentences or state whether he had been removed to the penitentiary. Within 21 days after entry of the sentencing orders in Crowley's cases, the trial court entered orders, endorsed "Seen" by the Commonwealth's Attorney, stating that the court took under advisement the motions to set aside "and/or to suspend or modify" the verdicts and judgments. Attached to the petition is an affidavit made by a custodian of records of the Department showing that Crowley and the other defendants were received into the penitentiary system on specified dates after entry of the orders taking their respective motions under advisement.

Thereafter, in three separate orders entered on different dates, the trial court ordered that Sherman, Crowley and Taylor be released from custody, suspended the remainder of the terms of incarceration of each, and placed each on "probation for the balance of his original sentence under the auspices of the Virginia Department of Probation and Parole." When the orders of release were entered, Sherman had been in the penitentiary three and one-half months, Taylor four and one-half months and Crowley one year. Copies of the release orders show that they were endorsed by the Commonwealth's Attorney "Seen and Agreed to." No action has been taken by the court on the motions filed on behalf of Bogue and Syfrett.

The Department alleged in its petition that the trial court did not vacate or suspend the judgments of conviction prior to the expiration of 21 days or delivery of the defendants to the penitentiary, and therefore it had no jurisdiction to enter the orders suspending the sentences and compelling the release of Sherman, Crowley and Taylor and has no jurisdiction now to take any such action as to Bogue and Syfrett. In its supporting memorandum of

law filed with its petition, the Department relied primarily upon Rule 1:1[1] and Code § 53-272[2] as authority for its position.

Judge Snoddy filed his grounds of defense and supporting memorandum of law asserting that he did not exceed the jurisdiction conferred upon his court by law, and that his actions, agreed to by the Commonwealth's Attorney who represented the Commonwealth in the cases, were taken pursuant to the routine procedure in that circuit which had been accepted by the Department and sanctioned by the Attorney General. He cited two 1975 opinions of the Attorney General approving the procedure, and filed as exhibits copies of orders entered in numerous other felony cases in his judicial circuit wherein actions had been taken similar to those taken in the cases of Sherman, Crowley and Taylor.

One of the opinions of the Attorney General upon which Judge Snoddy relied was a letter dated July 30, 1975, addressed to the Honorable George F. Abbitt, Jr., then Judge of the same judicial circuit, advising that if a trial court by order entered within 21 days after a sentencing order took under advisement a motion to suspend, the defendant was not "sentenced," that he should not have been removed to the penitentiary, and, having been improperly transferred to that facility, should be released upon order of the trial court. The other opinion, dated October 8, 1975, to the same effect, was addressed to the Honorable J. Randolph Tucker, Jr., Judge of the Circuit Court of the City of Richmond. 1975 Va. Op. Att'y Gen. 93-94. In addition, Judge Snoddy argued that a writ of prohibition would be inappropriate and ineffectual as to the three individuals who had been released.

The five felons whose interests might be affected by the Department's petition filed motions for leave to intervene in this proceed-

---

[1] Rule 1:1 reads in pertinent part:

All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer . . . .

[2] Code § 53-272 provides in pertinent part:

In case the prisoner has been sentenced but not actually committed and delivered to the penitentiary for a felony the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may at any time before the prisoner is committed to the penitentiary, suspend or otherwise modify and alter the unserved portion of any such sentence, or may place the defendant on probation under the supervision of the probation officer during good behavior, for such time and under such conditions of probation as the court shall determine.

ing, or in the alternative, to file briefs *amicus curiae*, and we granted those motions by order entered May 18, 1981. First, we will consider the cases of Sherman, Crowley and Taylor, who have been released from custody.

## I.  Sherman, Crowley and Taylor.

Sherman filed a motion to dismiss and grounds of defense, with supporting memorandum of law, in which he stated that his counsel sought and obtained advice from the Attorney General's Office to expedite his release after entry of the order suspending the balance of his sentence; that he was released on September 17, 1980, upon authorization of the Department; that he has rejoined his wife and begun his own photographic printing and graphics business in Durham, North Carolina; and that he has complied with all the terms of his probation.

Crowley filed a motion to dismiss and grounds of defense, with supporting memorandum of law, in which he stated that he was released from custody by the Department on February 26, 1981, and that, after reporting to the Virginia Department of Probation and Parole, he had returned to Florida, his former home, where he was living "as a law-abiding citizen."

Taylor filed a motion to dismiss and grounds of defense, with supporting memorandum of law, in which he stated that his counsel sought and obtained advice from the Attorney General's Office to expedite his release after entry of the order suspending the balance of his sentence; that he was released on October 15, 1980, upon authorization of the Department; that he returned to Colorado to his former seasonal employment in a ski shop; that he was employed for the summer as an electrician in construction work; and that he has complied with all the terms of his probation.

The Department's theory, as advanced by the Attorney General, is that the cases of Sherman, Crowley and Taylor are not concluded, and that the orders suspending the balance of their sentences and placing them on probation were invalid orders, so that the Department may reacquire custody of the three as if they were escaped felons without incurring the risk of being held in contempt of the trial court. The Attorney General suggested in oral argument that the proper mandate for this Court to enter would prohibit the trial court from effectuating the release orders already entered.

We can not pass upon the validity of the orders under which Sherman, Crowley and Taylor were released from custody. The Attorney General has misconstrued the function of the writ of prohibition, which is not available to undo errors that may have been committed in ordering the release of these defendants. The function of the writ was defined in *United States* v. *Hoffman*, 71 U.S. (4 Wall.) 158 (1866) as follows:

> The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do. If the thing be already done, it is manifest the writ of prohibition cannot undo it, for that would require an affirmative act; and the only effect of a writ of prohibition is to suspend all action, and to prevent any further proceeding in the prohibited direction.

*Id.* at 161-62.

The writ may be used to prevent the exercise of assumed jurisdiction of the court by the judge to whom it is directed, either when he has no jurisdiction or when he exceeds his jurisdiction, but it may not be used to correct error already committed. *Rollins* v. *Bazile*, 205 Va. 613, 616, 139 S.E.2d 114, 117 (1964); *Grief* v. *Kegley*, 115 Va. 552, 557, 79 S.E. 1062, 1064 (1913). *See Lee* v. *Jones*, 212 Va. 792, 793, 188 S.Ed.2d 102, 103 (1972); *see also English* v. *McCrary*, 348 So.2d 293, 297 (Fla. 1977); Burks Pleading and Practice § 200 at 326 (4th ed. 1952).

Here, three defendants were released from custody by orders entered by the court which tried the cases, with the approval of the Commonwealth's Attorney, and pursuant to a practice approved in 1975 by the then Attorney General. In each case, the release is an accomplished fact; thus, the time for challenging such releases in a petition for a writ of prohibition has passed. So long as these defendants continue to comply with the terms of their probation, the orders of the trial court are final and conclusive. The only portions of the release orders that remain executory are the requirements for continuing supervisory probation. If the orders were improperly entered, the effect of prohibiting enforcement of the unexecuted provisions would be to leave the defendants free from the constraints of probation, a result that unquestionably would be contrary to the public interest. We hold,

therefore, that the purpose of the releases has been accomplished, that the writ of prohibition may not be used to revoke these releases, and that the Department's petition must be dismissed as to Sherman, Crowley and Taylor.

## II. Bogue and Syfrett.

The motions of Bogue and Syfrett to suspend the balance of their sentences are still pending in the trial court while these defendants remain incarcerated in the penitentiary system. It is a fair inference that the trial court, unless prohibited from doing so, sooner or later will act on these motions and will enter orders similar to those which accomplished the release of Sherman, Crowley and Taylor. Therefore, we must determine whether, as the Department contends, the trial court has lost jurisdiction over Bogue and Syfrett and should be prohibited from entering any further orders relating to these defendants.

Bogue filed a motion to dismiss and grounds of defense, with supporting memorandum of law. The basis for the motion to dismiss was that the petition shows on its face that the trial judge was authorized to suspend Bogue's sentence and that he acted within 21 days to "indicate a desire to further consider Bogue's sentencing orders." In his grounds of defense, Bogue cited the two 1975 opinions of the Attorney General as approving the procedure under which the trial court could release Bogue despite his transfer to the penitentiary where a motion to suspend had been taken under advisement by order entered within 21 days after the sentencing order. Bogue also asserted that the orders taking the motions under advisement were sufficient on their face to toll the 21-day limitation of Rule 1:1; that the orders were interlocutory, that Code § 53-272 applied only where sentence had been imposed by final order and that he had not been sentenced by a final order; that the Department exceeded its authority in transferring Bogue to the penitentiary system; that the endorsement of the orders by the Commonwealth's Attorney is binding upon the Commonwealth; and that since the Department has approved and consented to the practice of releasing prisoners from the penal system under similar circumstances in the past the doctrines of laches and estoppel should apply.

Syfrett filed a motion to dismiss and grounds of defense asserting that the petition fails to allege facts sufficient to establish that the Department has standing to maintain this proceeding. In his

supporting memorandum of law, the principal arguments advanced by Syfrett were that he had not been sentenced because the sentencing order was not final and that Code § 53-272 is a remedial statute and should be construed liberally to permit the trial court to retain control of the defendant's case after his transfer to the penal system. He challenged the Department's standing on the grounds that the Department had not alleged facts to show that it has "suffered any injury" or that it is the proper party to seek relief in this proceeding.

■ The provisions of Rule 1:1 and Code § 53-272 are determinative of the issue before us. Prior to amendment, effective September 1, 1976, Rule 1:1 permitted trial courts to modify or vacate final judgments, orders or decrees within 21 days. The 1976 amendment gave trial courts the additional authority to suspend such final judgments, orders or decrees within 21 days after entry. Moreover, the explanatory comment stated that the purpose of the amendment was to add authority for the trial court to suspend, "by order entered within twenty-one days, a final judgment pending disposition of a motion for a new trial . . . or a like pleading." The meaning of Rule 1:1 is clear. Expression of a mere desire to consider a sentencing order further is not sufficient to comply with the Rule.

Code § 53-272 authorizes the trial court, where a defendant convicted of a felony has been sentenced but not actually committed and delivered to the penitentiary, to suspend or modify the unserved portion of his sentence, or place the defendant on probation. Thus, reading Rule 1:1 and Code § 53-272 together, we conclude that after the expiration of 21 days from the sentencing order if the prisoner has been committed and delivered to the penitentiary and no order has been entered within 21 days after final judgment suspending the sentence, the trial court has no further authority to suspend the sentence.

■ Opinions of the Attorney General are no more than guidelines for the benefit of public officials where our Court has made no definitive interpretation of the law. The 1975 opinions of the Attorney General were issued prior to the 1976 amendment to Rule 1:1. A more recent opinion of the present Attorney General, a letter dated March 23, 1981, addressed to the Honorable Frederick T. Gray, Jr., Secretary of the Commonwealth, advises that a trial court has no authority to reduce or terminate the suspension of imposition of sentence after a defendant has been committed to

the penitentiary and 21 days have elapsed since entry of the final judgment order. This opinion, copies of which were filed with us after oral judgment, reaches a conclusion different from that of the 1975 opinions. It was not available, of course, to guide the trial court when the orders were entered releasing Sherman, Crowley and Taylor from custody.

In *Godfrey* v. *Williams*, 217 Va. 845, 234 S.E.2d 301 (1977), we held that under Rule 1:1 the trial court had no authority within the 21-day period after entry of final judgment to extend that limitation beyond the 21 days. We have also held that unless an order vacating or modifying a final judgment is entered before the expiration of 21 days, the final judgment is no longer under the control of the trial court. *Lyle and Allen* v. *Ekleberry*, 209 Va. 349, 350-51, 164 S.E.2d 586, 587 (1968). Moreover, we have held that the mere filing of a motion to set aside a judgment is not sufficient to extend certain time limits prescribed for perfecting appeals. *Harvey* v. *Telephone Company*, 198 Va. 213, 218, 93 S.E.2d 309, 313 (1956).

*Bridges* v. *Commonwealth*, 190 Va. 691, 58 S.E.2d 8 (1950), and *Cobb* v. *Commonwealth*, 152 Va. 941, 146 S.E. 270 (1929), upon which the respondents rely, are inapposite. In *Cobb*, we held that the filing of a motion to set aside the judgment and grant a new trial would toll the running of time within which to tender a bill of exceptions as a prerequisite to filing a petition for appeal. In *Bridges*, we held that the trial court loses jurisdiction over a case unless within the prescribed time it enters an order or decree that shows the intent of the court to consider the matter further. These cases, however, were decided before the adoption of Rule 1:1 and turned upon the construction of certain statutes then applicable.

▮ Here, in view of the relevant Rule and statute, we hold that by taking the motions to set aside under advisement the trial court did not "modify, vacate, or suspend" the judgments. Therefore, the motions and the orders entered thereon did not affect the finality of the sentencing orders.

We do not question the good faith of the trial judge. There may be, and often are, sound reasons why the trial judge is better qualified than probation and parole personnel to determine whether leniency should be accorded a convicted felon. If the trial judge wished to retain control of these defendants, however, it was necessary for him to comply with Rule 1:1 by entering orders within

21 days vacating, modifying or suspending the sentencing orders. He did not do so. Nor did he suspend such orders before the defendants were removed, pursuant to his orders, to the penitentiary. Under these circumstances, it is the policy of the Commonwealth, as shown by § 53-272, that control of the destiny of the prisoners passes from the trial court to the Department of Corrections. The trial court no longer has jurisdiction to act on the motions to suspend.

It is apparent that the Commonwealth has assumed inconsistent positions. The Commonwealth's Attorney, the only official legal representative of the Commonwealth in the trial court, acquiesced in the procedure that the Attorney General now attacks. Nevertheless, the Commonwealth may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney, nor may the Department be estopped from changing its position. *See Segaloff* v. *City of Newport News*, 209 Va. 259, 261, 163 S.E.2d 135, 137 (1968), quoted with approval in *WANV* v. *Houff*, 219 Va. 57, 62-63, 244 S.E.2d 760, 763-64 (1978). Likewise, laches may not be set up as a defense against the Commonwealth acting in its governmental capacity. *Supervisors* v. *N. & W. R. Co.*, 119 Va. 763, 790, 91 S.E. 124, 133 (1916); *Norfolk & W. R. Co.* v. *Supervisors*, 110 Va. 95, 103, 65 S.E. 531, 534 (1909). *See United States* v. *Summerlin*, 310 U.S. 414, 416 (1940). Futhermore, once the trial court actually lost jurisdiction over the cases by the passage of time, such jurisdiction could not be reconferred by the Commonwealth's acquiescence in any attempted exercise of jurisdiction.

We reject the respondents' argument that the sentencing orders were merely interlocutory, and that the Department improperly removed the defendants to the penitentiary. The orders specifically directed that the defendants be delivered promptly to the penitentiary, and these instructions were never countermanded. In the orders entered by the trial court taking under advisement the motions to suspend, filed on behalf of Bogue and Syfrett, the court noted that these defendants had not yet been committed to the penitentiary, but no provision was made for retaining them in jail pending disposition of their motions. Under Code § 19.2-310 the Department is required to remove a convicted felon to an appropriate receiving unit of the penitentiary system after receiving certain trial records from the clerk of the trial court within 30 days from the date of judgment. If the clerk

fails to forward the records he will forfeit $100. While there is nothing in the record before us to show why Bogue and Syfrett were removed to the penitentiary, the mandates of the sentencing orders and the provisions of Code § 19.2-310 leave us in no doubt as to the propriety of the transfer.

If the sentencing orders were interlocutory, then there are no appealable orders in the Bogue and Syfrett cases, and the appealable orders in the other three cases were the orders suspending the balance of the sentences and releasing the men from prison. Under this theory, a trial court conceivably could keep a motion under advisement for a considerable period of time during which the incarcerated defendant would have no appealable order to challenge. We regard this position as unsound.

Syfrett's argument that the Department lacks standing to seek a writ of prohibition in this case is without merit. If the Department, and not the trial judge, is vested with jurisdiction over the prisoner, certainly the Department is a proper party to raise the question without being required to show actual injury or threat of injury. The petition alleges that the Virginia Parole Board has been vested by the General Assembly with the authority to determine when and if inmates of the penitentiary system should be released. Under Code § 53-230 the Virginia Parole Board functions as a part of the Department of Corrections. Therefore, the Department has standing to maintain this litigation to establish its exclusive authority.

We will award a writ prohibiting the trial judge or any other judge of the trial court from entering any orders on the motions to suspend the balance of the sentences of Bogue and Syfrett.

*Writ denied as to Sherman, Crowley, and Taylor; writ awarded as to Bogue and Syfrett.*