LAWRENCE HUGH SIMMS, a/k/a
JOHN LAWRENCE ADAMS

v.

COMMONWEALTH OF VIRGINIA

No. 0467-88-4

Decided August 28, 1990

724

COUNSEL

Lawrence H. Simms, pro se.

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

WILLIS, J.—Lawrence H. Simms was convicted in a jury trial of robbery and use of a firearm in the commission of robbery. On appeal, he contends that the trial court erred: (1) in failing to afford him a full and fair hearing on his motion to suppress his confession, (2) in denying his motion to suppress his confession, (3) in commenting in the presence of the jury that a hearing had been held and the confession had been found to be admissible, and (4) in denying him the opportunity to present after discovered evidence. We find no reversible error and affirm the judgment of the trial court.

On February 26, 1988, before the commencement of trial, the trial court conducted a hearing on the defendant's motion to suppress his confession given to Detectives Spivey and Hill. Both officers testified and were subject to cross-examination. The defendant produced no evidence and sought to produce none. The court heard argument of counsel and announced its decision, finding the confession to have been voluntarily given and to be admissible in evidence. Defense counsel excepted to the ruling of the court, but lodged no objection to the nature or sufficiency of the proceeding.

On March 1, 1988, the first day of the trial, the defendant renewed his motion to suppress his confession. The trial court noted the prior hearing and decision and its predisposition to adhere to that decision, but agreed to hear any further evidence that the

defense cared to present. Defense counsel stated, "There is no new evidence." Again, the defense preserved its exception to the ruling of the court holding the confession admissible, but raised no objection to the sufficiency of the proceeding on the motion to suppress.

The defendant now contends that he wanted to lay his medical records before the trial court to be considered in connection with the voluntariness of his confession, but that he had been unable to obtain them. No suggestion of this sort was made to the trial court until an untimely motion for a new trial filed June 1, 1988. No timely and proper objection to the nature and sufficiency of the suppression proceeding was presented to the trial court. We will not entertain an objection made for the first time on appeal. Rule 5A:18.

▮ In connection with a motion to suppress a confession,

The burden is upon the Commonwealth to prove, by a preponderance of the evidence, that [the defendant's] statement was voluntary. Whether a statement is voluntary is ultimately a legal rather than a factual question, but subsidiary factual questions are entitled to a presumption of correctness. Moreover, . . . following a trial court's finding of voluntariness, the scope of our appellate review is limited to determining whether the evidence supports the finding. The trial court's finding on this issue is entitled to the "same weight as a fact found by a jury, and that finding will not be disturbed on appeal unless plainly wrong."

*Williams v. Commonwealth*, 234 Va. 168, 172, 360 S.E.2d 361, 364 (1987), *cert. denied*, 484 U.S. 1020 (1988) (citations omitted). The testimony of Detectives Spivey and Hill was uncontradicted and fully supported the trial judge's determination that Simms' confession was voluntarily given pursuant to a knowing and intelligent waiver of his rights. *See Watkins v. Commonwealth*, 229 Va. 469, 331 S.E.2d 422 (1985), *cert. denied*, 475 U.S. 1099 (1986).

During the trial, on cross examination of Detective Spivey, defense counsel asked the following question:

Now, this so-called confession was tape recorded. Was the tape recorder already present in this room?

The trial court admonished counsel as follows:

Ms. Miller, I think you should not characterize it as a so-called confession. There has been a hearing conducted on that which was ruled that it was admissible in evidence by order of a judge of this court and it has been admitted into evidence in accordance with that ruling.

The defendant contends that this was an impermissible comment on the evidence which could have induced the jury to accord the confession greater weight than it might have otherwise.

The court's admonition must be considered in the context in which it arose. In opening statement, defense counsel made reference to "a so-called confession." She then went on to say, "I think you are going to find that they were so egregious and so outrageous that there is no way that that confession can be considered a voluntary, intelligent product of this young man's free will. I will leave you to decide the circumstances of that." The court called counsel to the side-bar. It observed that the voluntariness of the confession and its admissibility had been determined. It noted that the circumstances under which the confession was given could be laid before the jury to be considered by it in determining the weight to be given to the confession. The court admonished counsel to adhere to this scope of inquiry with respect to the confession and not to undertake to lay before the jury the question of whether the confession was voluntarily given. Defense counsel acknowledged this instruction and agreed. The question which she asked Detective Spivey was a transgression of the court's ruling at side-bar and provoked the court's admonition. No objection was noted to that admonition. No request for a curative or explanatory instruction was made. The trial court was given no opportunity to confront the propriety of the admonition or to cure any impropriety. Objection to that interchange between the court and counsel is raised for the first time on appeal. We will not now notice it. Rule 5A:18.

The defendant argues that the trial court erred in denying him a new trial in order that he might utilize his medical records

which he claims were after-discovered evidence.

Sentence was imposed in open court on March 25, 1988. The final orders were entered April 8, 1988. On April 5, 1988, the defendant filed a motion for a new trial, which was argued and denied April 29, 1988. This motion made no reference to medical records. The judgments of conviction became final April 29, 1988. *See* Rule 1:1.

By order of April 29, 1988, the court suspended the execution of the sentences and directed that the defendant be retained in the local jail. On June 8, 1988, without objection by the defendant, that suspension was terminated and the defendant was ordered committed to the custody of the Department of Corrections. His sentences were thereafter beyond modification by the court. Code § 19.2-303; *In re Department of Corrections*, 222 Va. 454, 464, 281 S.E.2d 857, 863 (1981).

On June 1, 1988, the defendant, by counsel, and on August 12, 1988, the defendant, pro se, filed motions for new trials alleging that the defendant's medical records were new evidence. The motions contained nothing to show that the circumstances surrounding the medical records would justify the granting of a new trial, and the record reflects neither a submission to, nor a decision by, the trial court with respect to either motion. In any event, no order was entered with respect to either motion prior to the judgments of conviction becoming final and beyond the jurisdiction of the trial court.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Keenan, J., and Moon, J., concurred.