# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Ira Scott Morris

November 19, 1990

Case No. (Ind.) 90-156-1

## By JUDGE JAY T. SWETT

This matter is before the court on defendant's motion to suspend a portion of his sentence. The facts are not in dispute.

Defendant was tried before a jury on August 22, 1990, on a charge of malicious wounding. He was convicted, and the jury recommended a sentence of ten years. After the jury was discharged, the court entered judgment on the jury's verdict. No presentence report was requested. No post-trial motion was filed. Defendant was asked if there was any reason for sentencing not to proceed, and defendant responded in the negative. The court imposed the ten years in accordance with the jury verdict. Defendant did not file a notice of appeal. The motion to suspend a portion of the sentence was filed on October 24, 1990. The court heard defendant's motion on November 5, 1990.

The Commonwealth has interposed an objection to the court hearing defendant's motion to suspend. Since this motion goes to the jurisdiction of this court to consider defendant's motion, the Commonwealth's motion should be resolved first.

The final order of this court, including the imposition of the jury's ten-year sentence, was entered on August

22, 1990. The motion to suspend a portion of the sentence was filed 53 days following the entry of the final order. Relying on the provisions of Virginia Supreme Court Rule 1:1, the Commonwealth argues that the August 22, 1990, Order was a final order and not subject to modification, vacation, or suspension since more than twenty-one days have passed since its entry. On the other hand, defendant argues that Rule 1:1 does not apply because this court has the power to amend the sentence under the provisions of Virginia Code § 19.2-303. Defendant relies upon the specific language of that statute which states that a trial court "may at any time before the person is transferred to the Department [of Corrections], suspend or otherwise modify the unserved portion of such a sentence." Here, since Morris is still in the local jail and has not been transferred to the Department of Corrections, defendant argues that § 19.2-303 expressly grants this court the power to entertain the motion to suspend.

The jurisdictional issue raised by the Commonwealth places in conflict the language as well as the policy behind Rule 1:1 and the language of § 19.2-303. The Commonwealth argues correctly that the principle of finality of judgments should be adhered to in criminal cases as it is in criminal cases. The problem arises, however, where, as here, there is a statute which on its face appears to create an exception to this general principle.

This court's first obligation is to try to reconcile the provisions of Rule 1:1 with § 19.2-303. That is what was done by our Supreme Court in the case of *In re Department of Corrections*, 222 Va. 454 (1981). In that case, the trial court suspended a portion of a sentence more than twenty-one days after a final sentencing order and after a defendant had been committed and delivered to the Department of Corrections. The Supreme Court held that the trial court exceeded its jurisdiction. The holding was based on both Rule 1:1 as well as then § 53-272, the predecessor of § 19.2-303.

Here, unlike *In re Department of Corrections, supra*, the defendant appears to meet the requirements of § 19.2-303 in that (1) he has been sentenced for a felony to the Department of Corrections and (2) he has not actually been transferred to the Department of Corrections or to a receiving unit of the Department. This statute permits

a defendant "at any time" before such transfer to apply to the sentencing court and request a suspension or modification of the unserved portion of the sentence.

This court does not see any way to resolve the conflict between the language of Rule 1:1 and the language of Section 19.2-303. Where a conflict or variance becomes apparent, both Virginia Code § 8.01-3 and Article VI, Section 5, of the Constitution of Virginia mandate that the variance be construed to give effect to the statute as opposed to the Rule. *Clark v. Butler Aviation*, 238 Va. 506, 509 (1989). Accordingly, this court does have jurisdiction to entertain defendant's motion to suspend a portion of his sentence in view of the fact that he has not yet been transferred to the Department of Corrections.

The same statute which grants the defendant the right to apply for a suspension of his sentence provides the basis on which a trial court should consider such request. Section 19.2-303 provides that a court may suspend or otherwise modify an unserved portion of a sentence "if it appears compatible with the public interest and there are circumstances in mitigation of the offense . . . ." Since this statute is the sole basis for this court's jurisdiction to consider defendant's application, the court must limit its inquiry to the specific grounds set forth in the statute.

At the hearing held on November 5, 1990, defendant testified that since his incarceration, he has been attending substance abuse classes in jail. He testified that he called the Commonwealth's Attorney and apologized for his behavior in court during the trial. He acknowledged a problem with his temper. He is attending religious services in jail three evenings a week. No other evidence was presented by defendant.

This evidence is not sufficient to establish that it would be compatible with the public interest and that there exist circumstances in mitigation of the offense to justify a suspension of any portion of any of his sentence. At trial the testimony of the victim and the defendant were diametrically opposed. Defendant argued that he struck the victim in self defense. The victim's testimony was that he was struck by the defendant without provocation. There is no question that the victim suffered a serious injury. The jury accepted the victim's version of the

incident and rejected the defendant's version. The jury then selected a sentence that was one-half the sentence which it could have selected for a conviction of malicious wounding.

The court, having found the evidence insufficient to justify a suspension of sentence, denies defendant's application.