# ROBERT J. EIN

### v.

# COMMONWEALTH OF VIRGINIA

Record No. 930094

November 5, 1993

Present: All the Justices

*John M. DiJoseph (Sattler & DiJoseph* on briefs), for appellant.
*Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General,* on brief), for appellee.
*Amicus Curiae:* (David D. Hudgins; Paul T. Emerick; Hudgins, Carter & Coleman, on brief), in support of appellee.
*Amicus Curiae:* (Robert Ellis; Louise DiMatteo; Siciliano, Ellis, Dyer & Boccarosse, on brief), in support of appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court had jurisdiction to declare void and vacate its previous order that expunged certain police and court records.

Upon allegations made by Charlotte D. Barry and Ann M. Lewis and after an investigation by the Arlington County Police Department, Robert John Ein was charged with aggravated sexual battery of his five-year-old daughter. Following a trial in the Circuit Court of Arlington County, Ein was acquitted of the charge on May 17, 1992.

On July 14, 1992, Ein filed a petition in the Circuit Court of Arlington County, pursuant to Code § 19.2-392.2, requesting the expungement of the police and court records pertaining to the charge. As required by the statute, the Commonwealth was named the respondent in the proceeding, and notice of the proceeding was given to the Arlington County Commonwealth's Attorney. In its answer, the Commonwealth objected to the expungement "on the ground that the continued existence and possible dissemination of information relating to the arrest of [Ein] have not and would not cause circumstances which would constitute a manifest injustice to [Ein]."

Following a hearing on September 23, 1992, the circuit court ordered the expungement of the records, finding that "the continued existence and possible dissemination of information relating to [Ein's arrest] may cause circumstances that constitute a manifest injustice to [Ein]." The Commonwealth did not appeal from the expungement order.

Prior to the expungement hearing, Ein had filed a civil action in the Circuit Court of Arlington County, which was removed to the United States District Court for the Eastern District of Virginia, against Barry and Lewis, alleging malicious prosecution, intentional infliction of emotional distress, and conspiracy in relation to the sexual battery charge. Ein had not informed the court conducting the expungement hearing about his pending civil action.

In early November 1992, Barry and Lewis filed motions for disclosure of the expunged records, claiming that the records were "germane and of the highest importance" to them in their defense of the civil action. They further claimed that their defense would be "seriously jeopardized without immediate access to [the] records."

On November 12, 1992, the trial court conducted a hearing on the motions which consisted only of a colloquy between counsel and the court. No evidence was presented. Throughout the hearing, the trial court questioned whether it had jurisdiction to hear the motions because more than 21 days had expired since the entry of the expungement order. Rule 1:1.[1]

Counsel for Barry and Lewis stated that they were not seeking an order "reversing" the expungement order; rather, they only sought access to the records for use in the civil action. Counsel contended that Code § 19.2-392.3 gave the court jurisdiction to grant the relief sought.

The trial court rejected this contention. The court correctly observed that Code § 19.2-392.3 authorizes only a Commonwealth's Attorney to petition for access to expunged records when the records are needed for a pending criminal investigation in which life

---

[1] Rule 1:1, in pertinent part, provides as follows:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

or property will be jeopardized without immediate access to the records.[2]

Ultimately, however, the trial court concluded that Barry and Lewis were entitled to notice of the expungement proceeding because they were defendants in Ein's civil action and, therefore, would be "aggrieved" persons under Code § 19.2-392.2(F). The court further stated from the bench that "[k]eeping that information [of the pending civil action] from the Court not only creat[ed] a suspicion of fraud, but it also was improper" in relation to Barry and Lewis.

Consequently, on November 12, 1992, the trial court entered two essentially identical orders. The orders read, in pertinent part, as follows:

IT APPEARING TO THE COURT that Robert J. Ein obtained the order of expungement after the commencement of his civil action against [Barry and Lewis] in this Court, . . . ; and

IT FURTHER APPEARING TO THE COURT that the Arlington County criminal records contain information pertinent to the pending civil matter; and

IT FURTHER APPEARING TO THE COURT that Robert J. Ein knew at the time the order of expungement was entered that [Barry and Lewis] would be aggrieved pursuant to VA CODE § 19.2-392.2(F), but that Robert J. Ein failed to give notice to [Barry and Lewis], or any other interested party, of his request for the order of expungement; and

IT FURTHER APPEARING TO THE COURT that manifest injustice would result from the enforcement of the order of expungement, which was procured in contravention of the statement of policy set forth in VA CODE § 19.2-392.1; and so it is hereby

---

[2] A court's authority to permit a "review" of an expunged police or court record is strictly limited to the provisions of Code § 19.2-392.3. That section merely empowers a Commonwealth's Attorney to seek such a review when the record is "needed by a law-enforcement agency for the purposes of employment application as an employee of a law-enforcement agency or for a pending criminal investigation [provided] the investigation will be jeopardized or that life or property will be endangered without immediate access to the record."

ORDERED, ADJUDGED and DECREED that this Court's Order dated September 23, 1992 is void *ab initio*, that jurisdiction resides in this Court to grant the relief requested, and that [Barry and Lewis] shall be granted access to any and all records of Arlington County relating to the criminal proceedings against Robert J. Ein.

We awarded Ein an appeal from these orders. We also permitted Barry and Lewis to file *amicus* briefs.

Ein, relying upon Rule 1:1, contends that, because more than 21 days had expired after entry of the expungement order, the trial court lost jurisdiction of the matter and could not modify, vacate, or suspend the order. The Commonwealth contends, on the other hand, that the trial court correctly ruled that the expungement order was void and, therefore, subject to attack. Each party states accurate principles of law. Therefore, we must decide which principle is applicable in the present case.

The trial court ruled that the expungement order was void because Ein failed to give Barry and Lewis, who would be parties "aggrieved" pursuant to Code § 19.2-392.2(F), notice of the proceeding. However, we find nothing in the expungement statutes that would have required Ein to give notice to Barry and Lewis. Code § 19.2-392.2(D) provides that "[a] copy of the [expungement] petition shall be served on the attorney for the Commonwealth of the . . . county in which the petition is filed." Subsection F of Code § 19.2-392.2 provides that the Commonwealth shall be made the party defendant to the expungement proceeding. Subsection F further provides that "[a]ny party aggrieved by the decision of the court [respecting the expungement order] may appeal, as provided by law in civil cases." The trial court's reliance upon subsection F is misplaced because subsection F merely defines who may appeal the court's judgment. Clearly, only the Commonwealth was entitled to notice of the expungement proceeding. Therefore, the expungement order was not void for Ein's failure to give notice to Barry and Lewis.

The Commonwealth, however, claims that the expungement order was void, and subject to collateral attack, because Ein committed a fraud on the court in failing to disclose that Barry and Lewis were defendants in his civil action then pending. Our reading of the record does not indicate that the trial court made a finding of fraud on the court. The trial court's order does not reflect such a

finding. Furthermore, although the trial court stated from the bench that keeping from the court the information about the civil action created a "suspicion" of fraud, a *suspicion* of fraud is not a *finding* of fraud.

Additionally, even if the trial court's remark could be construed as a finding of fraud, the record does not support such a finding. The law does not presume fraud; to the contrary, the presumption is always in favor of innocent conduct. *Jenkins* v. *Trice*, 152 Va. 411, 429-30, 147 S.E. 251, 257 (1929). Moreover, the burden is upon the party alleging fraud to prove it by clear and convincing evidence, *Winn* v. *Aleda Const. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984), and, in the present case, the trial court heard no evidence. Clearly, neither the Commonwealth nor Barry and Lewis carried their burden of proving fraud by clear and convincing evidence. Therefore, the expungement order was not void for fraud on the court.

Consequently, we hold that the trial court did not have jurisdiction to vacate the expungement order. Accordingly, we will reverse and vacate the trial court's judgment and reinstate the expungement order.

*Reversed and final judgment.*