COURT OF APPEALS OF VIRGINIA

Present:   Judges Friedman, Chaney and Raphael
Argued by videoconference


DANNETTE VERONICA PERKINS

                                                              OPINION BY
v.        Record No. 0241-24-4                    JUDGE VERNIDA R. CHANEY
                                                              APRIL 22, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
James A. Willett, Judge[1]

Taso R. Saunders for appellant.

Andrew R. Parker, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


        After a circuit court judge granted Dannette Perkins's petition to expunge her 2009

conviction for felony possession of marijuana with intent to distribute, the Attorney General, on

behalf of the Virginia Department of State Police (Department), moved to vacate the

expungement.  Perkins argued the Department did not have standing to contest the expungement

and the motion to vacate was not timely filed.  The Commonwealth, meanwhile, submits that the

expungement statute conferred standing on the Department.  The court granted the motion to

vacate, and Perkins appealed that ruling.  For the following reasons, we reverse that decision and

remand with instructions to dismiss without prejudice.[2]

_____

        [1] Judge Designate Thomas D. Horne presided at the expungement hearing.  Judge Willett
presided at the later hearing on the motion to vacate the expungement, which is the ruling on
appeal.

        [2] We note that dismissal "'for lack of subject matter jurisdiction is not a judgment on the
merits, and it therefore has no claim preclusive effect.'  On that rationale, every federal circuit
has held that a dismissal for lack of standing should be 'without prejudice.'"  *Green v. Portfolio*

Perkins pleaded guilty in December 2009 to felony possession of marijuana with intent to distribute in violation of Code § 18.2-248.1 and was given a five-year suspended sentence. Her probation was terminated in January 2013, and she received a simple pardon from the governor in September 2021.[4] She filed a petition to expunge her criminal record in April 2023, alleging that her conviction "interfered with [her] ability to obtain meaningful and gainful career opportunities." The Department submitted a report to the circuit court in May 2023 stating that Perkins "should not be eligible for expungement."[5] The Commonwealth's Attorney made no objection to the petition, however, so the circuit court granted the expungement in June 2023 pursuant to Code § 19.2-392.2:2.[6] Code § 19.2-392.2:2 was not yet in effect, having passed with a delayed enactment clause:

---

*Recovery Assocs., LLC*, 83 Va. App. 28, 51 n.12 (2024) (en banc) (Raphael, J., concurring) (citations omitted) (quoting 2 Daniel R. Coquillette et al., *Moore's Federal Practice—Civil* § 12.30 (2024) (collecting cases)).

[3] "We recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the [circuit] court.'" *Pereira v. Commonwealth*, 83 Va. App. 431, 439 n.3 (2025) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)).

[4] A simple pardon "forgives the legal violation, but does not erase the individual's criminal record," while an absolute pardon is a "complete remission of any legal consequences emanating from a particular crime." *Blount v. Clarke*, 291 Va. 198, 214 & n.2 (2016) (Kelsey, J., dissenting) (first quoting Walter A. McFarlane, *The Clemency Process in Virginia*, 27 U. Rich. L. Rev. 241, 246 (1993); and next quoting Stanley Grupp, *Some Historical Aspects of the Pardon in England*, 7 Am. J. Legal Hist. 51 (1963)).

[5] Portions of the record in this case are sealed, "but this appeal necessitates unsealing relevant portions of the record to resolve the issues [appellant] raise[s]. Accordingly, '[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts[.]" *Williams v. Panter*, 83 Va. App. 520, 527 n.1 (2025) (third alteration in original) (quoting *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017)).

[6] Presently, a person may have their record expunged if (1) they were acquitted, a nolle prosequi was taken, or the charge was "otherwise dismissed," Code § 19.2-392.2(A); (2) their name or other identification was used without their consent, Code § 19.2-392.2(B); (3) they received an absolute pardon, Code § 19.2-392.2(I); or (4) they obtained a writ of actual innocence, Code § 19.2-392.2(J).

[T]he provisions of the first enactment . . . creating . . . [Code §] 19.2-392.2:2 of the Code of Virginia shall become effective *on the earlier* of (i) the first day of the fourth month following notification to the Chairmen of the Virginia Code Commission and the Chairmen of the Senate Committee on the Judiciary and the House Committee for Courts of Justice by the Superintendent of State Police that the Executive Secretary of the Supreme Court of Virginia, the Department of State Police, and any circuit court clerk who maintains a case management system that interfaces with the Department of State Police under subsection B of [Code] § 17.1-502 . . . or (ii) July 1, 2025.

2021 Va. Acts §§ 550 cl. 9, 551 cl. 9 (emphasis added).

Acting on behalf of the Department, the Attorney General moved to vacate the expungement in August 2023 pursuant to Code § 19.2-392.2(M) as contrary to law. Reasoning that Code § 19.2-392.2(M) enabled challenges to expungement orders past the 21-day limit imposed by Rule 1:1, the Department argued at the hearing on the motion that the expungement order was void, giving the Department standing to challenge the expungement at any time.

The circuit court vacated the expungement order, finding the Department's motion timely regardless of whether the expungement order was void or voidable:

> I'm going to grant the motion to vacate. I think the State Police do have standing, they're the entity charged with all issues regarding criminal records and expungement thereof.
>
> Second, I do not find that it is time barred by Rule 1:1 for two reasons as cited by the Attorney General. One, this is a void order and is therefore ab initio of no moment. [sic] But to the extent that it is voidable, I find that [Code §] 19.2-392.2[(M)] creates a statutory exception to the time requirements of Rule 1:1 of the Supreme Court of Virginia.

Perkins appealed.

ANALYSIS

Perkins argues that the Department lacked standing to challenge the expungement order because the Department is not a party to the action under Code § 19.2-392.2, and thus the motion

- 3 -

to vacate the expungement was not timely filed.[7] "Under well-established principles, an issue of statutory interpretation is a pure question of law which [this Court] review[s] de novo." *Harris v. Commonwealth*, 83 Va. App. 571, 581 (2025) (alterations in original) (quoting *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020)).

The dispositive issue in this case is whether the Department had statutory standing to challenge the expungement, as the timeliness of the motion is of no consequence if the Department lacked standing. "Standing to maintain an action is a preliminary jurisdictional issue having no relation to the substantive merits of an action." *Mayer v. Corso-Mayer*, 62 Va. App. 713, 725 (2014) (quoting *Andrews v. Am. Health & Life Ins. Co.*, 236 Va. 221, 226 (1988)).

"[T]he concept of statutory standing 'applies only to legislatively-created causes of action and concerns whether a statute creating a private right of action authorizes a particular plaintiff to avail herself of that right of action.'" *Small v. Fannie Mae*, 286 Va. 119, 125 (2013) (quoting *CGM, LLC v. Bellsouth Telecomm., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011)). Conversely, traditional standing is a broader concept rooted in common law and constitutional principles, which requires a plaintiff to demonstrate (1) a direct interest in the outcome of the controversy, (2) that the plaintiff's injury was caused by the defendant's actions, and (3) that judicial resolution is available for the injury. *See Layla H. v. Commonwealth*, 81 Va. App. 116, 134-35 (2024). The Commonwealth does not assert that, and we do not determine whether, the Department has traditional standing. *Cf.* Code § 19.2-392.2(G) ("Any party aggrieved by the decision of the court may appeal, as provided by law in civil cases.").

---

[7] Because we agree that the Department lacked statutory standing to challenge the expungement, we need not reach Perkins's timeliness argument. *See Carter v. Commonwealth*, 79 Va. App. 329, 349 n.9 (2023) ("Virginia appellate courts 'strive to decide cases on the best and narrowest grounds available.'" (quoting *Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015))).

"'[T]he statutory standing inquiry' addresses 'whether the plaintiff "is a member of the class given authority by a statute to bring suit."'" *Small*, 286 Va. at 125 (quoting *CGM, LLC*, 664 F.3d at 52). The primary determination "is whether the legislature 'has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.'" *Id.* (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)). "The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case." *Id.* at 125-26 (quoting *Goldman v. Landsidle*, 262 Va. 364, 371 (2001)). Ultimately, "the plaintiff must possess the 'legal right' to bring the action, which depends on the provisions of the relevant statute." *Id.* at 126.

The Department argues that it had standing to move to vacate the expungement under Code § 19.2-392.2(K), which provides:

> Upon the entry of an order of expungement, the clerk of the court shall cause a copy of such order to be forwarded to the Department of State Police, which shall, pursuant to rules and regulations adopted pursuant to [Code] § 9.1-134, direct the manner by which the appropriate expungement or removal of such records shall be effected.

The Department contends that "[t]he General Assembly's inclusion of the adjective 'appropriate' in [subsection K] indicates that [it] did not intend for the Department to carry out orders of expungement that are contrary to law."

Because the Department has relied on Code § 19.2-392.2(K) as the basis for standing in this case, the "legal right" to bring the action depends on the provisions of the statute. *Small*, 286 Va. at 126.

"A statutory right of action no doubt exists when a statute expressly authorizes it." *Cherrie v. Va. Health Servs.*, 292 Va. 309, 315 (2016). But a private right of action cannot be inferred from a silent statute without "demonstrable evidence that the statutory scheme necessarily implies it." *Id.* We will not "infer a private right of action when the General

- 5 -

Assembly expressly provides for a different method of judicial enforcement." *Id.* at 316. Determining legislative intent "to confer standing on a litigant . . . to bring an action under [the statute at issue] is essentially one of statutory construction." *Small*, 286 Va. at 125 (quoting *Wash.-Dulles Transp., Ltd. v. Metro. Wash. Airports Auth.*, 263 F.3d 371, 377 (4th Cir. 2001)). Such matters are reviewed de novo. *Antisdel v. Ashby*, 279 Va. 42, 47 (2010).

We do not read subsection K as granting statutory standing to the Department. "[W]ords in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *City of Va. Beach v. Bd. of Supervisors*, 246 Va. 233, 236 (1993) (quoting *Grant v. Commonwealth*, 223 Va. 680, 684 (1982)). The directive to manage the "appropriate expungement" most naturally refers to the clause directing the Department to expunge the records "pursuant to rules and regulations adopted pursuant to [Code] § 9.1-134." Code § 19.2-392.2(K). Those "rules and regulations" are found in the Virginia Administrative Code. *See* 6 VAC 20-120-80. After receiving a court order of expungement, the Department notifies all agencies and individuals who may have the relevant criminal record and directs them to remove the record from its "repository" and place it in a "physically sealed, separate file." 6 VAC 20-120-80(A). The file is then "properly indexed to allow for later retrieval of the record if required by court order." *Id.* The Department is responsible for auditing other agencies for compliance with the expungement order. *See* 6 VAC 20-120-80(E).

Thus, subsection K creates only a ministerial duty for the Department to manage the means by which the records are expunged. It does not give the Department discretion to determine whether the expungement itself is appropriate. *See Small*, 286 Va. at 127 ("By definition, ministerial acts are non-discretionary."). A statute that grants an entity a ministerial duty—rather than a discretionary one—does not confer standing on the entity instructed to carry out that duty. *See id.* at 132-33 (holding that a circuit court clerk did not have standing to sue to

enforce payment of real estate transfer taxes); *see also Hunt v. Pa. State Police*, 983 A.2d 627, 633 (Pa. 2009)[8] (where the expungement statute only gave the state police post-expungement sealing duties, they had no standing to object to an expungement).

Nothing in the language of Code § 19.2-392.2 affords the Department a legal right to vacate Perkins's expungement. The statute identifies two parties to an expungement proceeding: the petitioner, who is the "person . . . charged with the commission of a crime" and the Commonwealth. *See* Code § 19.2-392.2(A), (D), (G). Only the "attorney for the Commonwealth" is authorized "to file an objection," "answer . . . the petition," or "give written notice to the court that he does not object to the petition." Code § 19.2-392.2(F). Only "the attorney for the Commonwealth" is authorized to petition for access to expunged records after they have been sealed. Code § 19.2-392.3. Third parties are not entitled to notice of an expungement hearing. *See Ein v. Commonwealth*, 246 Va. 396, 400 (1993) (holding that two respondents in a civil lawsuit filed by Ein were not entitled to notice of his expungement proceeding).

The sole reference to the Department in Code § 19.2-392.2 is in subsection K, which authorizes the Department to manage the procedures for removing and sealing records. But subsection K evinces no legislative intent that the Department can retroactively decide whether it agrees with the merits of an expungement order. Because Code § 19.2-392.2 does not grant the Department a legal right to challenge an expungement, we conclude that it lacked statutory standing to contest Perkins's expungement order. *See Cherrie*, 292 Va. at 317, 319 (holding there was no private right of action to enforce regulations regarding the production of documents

---

[8] "'[W]ell-reasoned opinions from other jurisdictions' are 'not binding on this Court,' but may nevertheless provide 'persuasive authority.'" *Agnew v. United Leasing Corp.*, 80 Va. App. 612, 628 n.9 (2024) (quoting *Wallace v. Commonwealth*, 79 Va. App. 455, 467 (en banc), *rev'd on other grounds*, ___ Va. ___ (Nov. 21, 2024))).

pertaining to nursing home policies and procedures); *Small*, 286 Va. at 132-33; *see also Commonwealth v. J.H.*, 759 A.2d 1269, 1270 (Pa. 2000) (holding that, because the expungement statute did not require that the state police be notified until after an expungement order was entered, standing to challenge the expungement did not "derive from the statute").

The Department's reliance on *In re Commonwealth, Department of Corrections*, 222 Va. 454 (1981), is misplaced. In that case, the Department of Corrections filed a writ of prohibition to bar a circuit court from modifying the sentences of five defendants more than 21 days after the final judgment orders had been entered. *Id.* at 457. A defendant who remained incarcerated argued that the Department of Corrections lacked standing to contest the court's action. *Id.* at 462-63. The Supreme Court held that, because the Virginia Parole Board had statutory "authority to determine when and if [prisoners] should be released" and "function[ed] as a part of the Department of Corrections," the Department of Corrections had standing to maintain the litigation. *Id.* at 466.

The case is inapposite because the Supreme Court's decision hinged on the legislature's grant of authority to the Parole Board to determine when inmates should be released. The Department of Corrections had *discretionary* authority over prisoners. In contrast, Code § 19.2-392.2(K) grants the Department of State Police only ministerial authority. When a circuit court orders expungement, the Department must expunge the records—there is no exercise of discretion.

In sum, we hold that the Department lacked statutory standing to petition for the vacatur of the expungement. Thus, we need not address as a separate issue whether the motion was timely filed. *See Shifflett v. Hill*, 82 Va. App. 367, 379 n.12 (2024) ("[J]udicial restraint dictates that we decide cases on the best and narrowest grounds available[.]" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

CONCLUSION

For these reasons, we reverse the circuit court's ruling and remand with instructions to dismiss without prejudice.

*Reversed and remanded.*