# VIRGINIA:

### *In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 28th day of May, 2020.*

Present: All the Justices

Michael Fernandez, D.D.S., Ltd.,
 a Division of Atlantic Dental Care, PLC,                                                                    Appellant,

  against        Record No. 191056
                 Circuit Court No. CL18-3017

Commissioner of Highways,                                                                                         Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of the City of Virginia Beach.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

## I.  Background

On December 2, 2015, the Virginia Department of Transportation ("VDOT") sent Michael Fernandez, D.D.S. ("Fernandez") a letter informing him that he would be required to relocate his dental office to accommodate an interstate road project.  (JA 2.)  The letter notified Fernandez that he would be entitled to relocation expenses and that VDOT intended to "assist [him] in [his] relocation to minimize any inconveniences caused by [his] move."  VDOT further advised Fernandez that he would be given thirty days' written notice before he was to vacate his dental office.

VDOT supplied Fernandez with lists of available properties that could potentially house his dental practice.  Fernandez rejected all the suggested properties as unsuitable.  Instead, Fernandez selected an office space that was not equipped for a dental practice and required "extensive build-out and renovation allegedly costing several hundred thousand dollars to make it useable for a dental practice."

On April 18, 2016, VDOT informed Fernandez by letter that he must vacate his dental office by May 18, 2016.  Fernandez failed to vacate and VDOT initiated eviction proceedings on August 5, 2016.  The suit was settled by a consent order in which Fernandez agreed to vacate his office by March 31, 2017.

On September 13, 2017, after moving his practice, Fernandez submitted a claim to VDOT for $567,278.87 in relocation assistance payments. VDOT responded by letter noting that "[d]uring the review process of [Fernandez's] previously submitted claim and supporting documentation . . . , there were . . . questions and concerns" that he promised to address. VDOT further advised that it would "expeditiously and carefully review" all the documentation that Fernandez provided so the agency could "make an informed determination of any reimbursements available."

VDOT ultimately approved $35,346.68 in reimbursements as well as $255.00 for time spent planning the move of the dental practice. However, VDOT informed Fernandez that the agency could not make a decision about the balance of his claim until he submitted additional documentation detailing his expenses. In a letter dated June 15, 2018, VDOT notified Fernandez that the agency was "unable to proceed any further in the review of [his] previously submitted relocation claim for payment until [VDOT] receive[d] [the] information requested." VDOT also advised Fernandez that he had the right to appeal any decision made by VDOT.

Fernandez neither submitted the additional documentation requested by VDOT, nor did he appeal VDOT's decision. Instead, he sued the Commissioner of Highways in circuit court, seeking a declaratory judgment ordering the Commissioner to provide "the statutorily required relocation benefits" under Code § 25.1-406 of the Virginia Relocation Assistance Act ("VRAA"). *See* Code § 25.1-400 *et seq*. VDOT filed a demurrer and plea in bar asserting that sovereign immunity barred Fernandez's suit and that there was no private cause of action afforded under the VRAA.

The circuit court sustained VDOT's demurrer, "find[ing] dispositive the assertion that there is no private cause of action under the [VRAA]." This appeal followed.

## II. Analysis

Upon appeal of a circuit court's decision to sustain a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff," *Sweely Holdings, LLC v. SunTrust Bank*, 296 Va. 367, 370-71 (2018) (citation omitted), but "we review all conclusions of law de novo," *Coward v. Wellmont Health Sys.*, 295 Va. 351, 359 (2018) (citation omitted).

On appeal, Fernandez contends that a private right of action should be inferred from the VRAA. The VRAA states that "[w]henever the acquisition of real property for a program or

2

project undertaken by a state agency will result in the displacement of any person, the state agency shall make fair and reasonable relocation payments to the displaced person." Code § 25.1-406. The VRAA further authorizes state agencies "to promulgate such rules and regulations as are necessary to carry out the provisions of [the VRAA]." Code § 25.1-402. VDOT has developed regulations to determine whether a displaced person is eligible to receive relocation assistance payments and, if so, the amount of payments that the eligible person is entitled to receive. 24 VAC §§ 30-41-10 and 30-41-80. VDOT regulations further provide for a multi-level administrative review process, concluding with judicial review of the final agency action. 24 VAC § 30-41-90.

"In Virginia, 'substantive law' determines whether a private claimant has a right to bring a judicial action." *Cherrie v. Virginia Health Servs.*, Inc., 292 Va. 309, 314 (2016). "Substantive law includes the Constitution of Virginia, laws enacted by the General Assembly, and historic common-law principles recognized by our courts." *Id.* This Court has made abundantly clear that when a statute, such as the VRAA, is silent on the matter of a private right of action, one will not be inferred unless the General Assembly's intent to authorize such a right of action is "palpable" and shown by "demonstrable evidence." *Id*. at 315. "It simply is not enough that the plaintiff has 'a personal stake in the outcome of the controversy,' or that 'the plaintiff's rights will be affected by the disposition of the case.'" *Id.* (quoting *Small v. Federal Nat'l Mortg. Ass'n*, 286 Va. 119, 126 (2013)). "Similarly, 'we do not infer a private right of action when the General Assembly expressly provides for a different method of judicial enforcement.'" *Lafferty v. School Bd. of Fairfax Cty.*, 293 Va. 354, 362 (2017) (quoting *Cherrie*, 292 Va. at 315).

No Virginia appellate decisions have specifically addressed whether the VRAA provides an implied private right of action. However, we note that the VRAA was modelled after the federal Uniform Relocation Act ("URA").[*] Therefore, the federal decisions addressing the issue

---

[*] The [URA] by its terms binds only federal agencies; but a federal agency may not provide funds for state projects involving condemnation without first receiving "satisfactory assurances" that displaced persons will be given such relocation payments and assistance "as are required to be provided by a Federal agency" under the Act. 42 U.S.C. § 4630. In order to qualify for federal

3

of whether Congress intended for a private right of action to exist under the URA are particularly instructive here. *See*, *e.g.*, *Werth v. Fire Companies' Adjustment Bureau*, 160 Va. 845, 856–57 (1933) (concluding that where the General Assembly employs language in a Virginia statute indicating that the statute "should be so construed as to place [it], as near as may be, in line with Federal . . . law," cases that construe the corresponding federal statute, while not controlling in the construction of the Virginia statute, are nevertheless "highly persuasive"); *Norfolk Motor Exch. v. Grubb*, 152 Va. 471, 477 (1929) (same).

The prevailing view of the federal courts is that no private cause of action is created under the URA for relocation benefits. *See*, *e.g.*, *Osher v. City of St. Louis*, 903 F.3d 698, 702-03 (8th Cir. 2018) (no private right of action under federal relocation assistance statute, 42 U.S.C. § 4622); *Delancey v. City of Austin*, 570 F.3d 590, 594-95 (5th Cir. 2009) (no private right of action for monetary damages under URA); *Clear Sky Car Wash LLC v. City of Chesapeake*, 910 F. Supp. 2d 861, 875 (E.D. Va. 2012), *aff'd on other grounds*, 734 F.3d 438 (4th Cir. 2014) (no federal right of action under URA).

In the present case, the substantive law pertaining to the VRAA does not indicate that the General Assembly intended to create or imply the existence of a private right of action. Code § 25.1-406 of the VRAA requires VDOT to make certain relocation payments to displaced individuals. However, the VRAA does not state an individual right to those payments, nor does it use language that would imply such a right. In addition, there is an express provision providing for an administrative process, suggesting that the General Assembly intended to exclude a private right of action. *See Osher*, 903 F.3d at 703.

Fernandez contends that because only Code § 25.1-417(B) of the VRAA specifically denies the creation of any private right of action, the General Assembly intended for the other provisions of the VRAA to include an implied private right of action. We conclude, as did the *Osher* court, that "an express disavowal of rights under one section . . . does not amount to an unambiguous manifestation of intent to create enforceable rights under another." Therefore, we

---

funds, therefore, many states, such as Virginia, have adopted legislation modelled on the Relocation Act.

*Norfolk Redevelopment & Hous. Auth. v. Chesapeake & Potomac Tel. Co. of Virginia*, 464 U.S. 30, 32 (1983) (some citations omitted).

4

hold that no private cause of action for payment of relocation expenses can be implied under Code § 25.1-406 of the VRAA.

Further, Fernandez contends on appeal that if the VRAA does not create an implied right of action, "then condemnors may ignore the statute's requirements with impunity." We find this argument to be without merit. Fernandez failed to exhaust the administrative remedies afforded to him under 24 VAC § 30-41-90. An administrative review under this regulation "consists of two levels. An interim appeal is heard in the district office. If the appellant is not satisfied on completion of the interim appeal, a final appeal may be addressed to the Commissioner of Highways." 24 VAC § 30-41-90(A). If the displaced person remains dissatisfied following the Commissioner's final decision, he or she has "the right to seek judicial review." 24 VAC § 30-41-90(C). Instead of following this administrative process, Fernandez directly filed suit against the Commissioner of Highways in circuit court.

There is no evidence in the record that VDOT ignored or refused to decide Fernandez's claim for relocation expenses, as he alleges. If such evidence did exist, Fernandez would not be without recourse. He would be entitled to file suit under the Virginia Administrative Process Act, which authorizes courts to "compel agency action unlawfully and arbitrarily withheld or unreasonably delayed." Code § 2.2-4029. Additionally, this Court has ruled that a writ of mandamus may be sought when a public official or body refuses to perform a duty required under the law. *See Broaddus v. Board of Supervisors*, 99 Va. 370, 372 (1901).

### III. Conclusion

For the reasons stated, we affirm the decision of the circuit court sustaining VDOT's demurrer.

This order shall be published in the Virginia Reports and certified to the Circuit Court for the City of Virginia Beach.

A Copy,

Teste:

Douglas B. Robelen, Clerk

5