**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-2417**

_____

JEREMIAH HENDERSON,

            Plaintiff - Appellant,

      and

SHANE M. JENKINS, on behalf of himself and others similarly situated,

            Plaintiff,

      v.

WAL-MART STORES, INC.,

            Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:19-cv-00271-RAJ-LRL)

_____

Submitted:  November 3, 2022                    Decided:  January 12, 2023

_____

Before THACKER AND QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Gary M. Bowman, Roanoke, Virginia, for Appellant. James E. Tysse, Anthony T. Pierce, Nathan J. Oleson, Kristen E. Loveland, AKIN GUMP STRAUSS HAUER & FELD LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Henderson ("Appellant") appeals the district court's dismissal of his complaint, in which he alleged that employees of Wal-Mart Stores, Inc. ("Appellee") subjected him to false imprisonment by placing a hand on Appellant's shopping cart and requesting to see Appellant's receipt as he exited the store. Appellant also sought a declaration that Appellee's alleged practice of requiring individuals to show their receipt before leaving a store, without probable cause, was unlawful because it violated Virginia's Shopkeeper's Privilege laws. The district court granted Appellee's motion to dismiss both claims for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm.

I.

When reviewing a district court's grant of a motion to dismiss, we "accept as true all well-pleaded facts in [the] complaint." *Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir. 2017).

On October 15, 2018, Appellant -- a 77 year old man suffering from several health conditions, including chronic obstructive pulmonary disease -- patroned a Wal-Mart store located on Valley View Boulevard in Roanoke, Virginia. Appellant, who allegedly paid for all of the items in his shopping cart, was exiting the store when a store associate, Jeannette Wheeler ("Wheeler"), stopped him, held onto his shopping cart, and asked to see his receipt. When Appellant failed to produce his receipt, Wheeler requested assistance over the store's intercom system. A second Wal-Mart employee, Thomas Christopher Shelton ("Shelton"), came to the front of the store. Shelton stood in front of Appellant,

3

separated Appellant from his cart, and then told an on-site police officer, Austin K. McClain ("McClain"), that he wanted Appellant "out of the store."  J.A. 19 ¶ 29.[1]

This case was initially brought on May 23, 2019, when Shane Jenkins ("Jenkins") filed a pro se complaint, on his own behalf and on behalf of a putative class, against Appellee.  In his original complaint, Jenkins alleged class action federal discrimination claims on the basis of race and disability, as well as various state law claims brought in his individual capacity, including for defamation, negligence, assault, conversion, and false imprisonment.  The district court granted Jenkins leave to file an Amended Complaint. Jenkins retained counsel, who then filed an Amended Complaint on behalf of Jenkins and Appellant.

In Count One of the Amended Complaint, Jenkins and Appellant sought, as representatives of a putative class, a declaratory judgment that Appellee's practice of requesting receipts from customers without probable cause of shoplifting is unlawful false imprisonment that is not protected by either the "Shopkeeper's Privilege" of Va. Code § 8.01-226.9 or Va. Code § 18.2-105.1.2, which provides that Virginia merchants are exempt from civil liability for claims of false imprisonment if probable cause exists for the detention and it lasts no more than an hour.  Jenkins and Appellant also sought individual damages for the same claim in Counts Two (Jenkins) and Eight (Appellant) (collectively with Count One, the "Shopkeeper's Privilege Claims").  Based on the above allegations,

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

Appellant also brought several individual state-law tort claims against Appellee for false imprisonment and negligence.

On April 17, 2020, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Appellee moved to dismiss the Shopkeeper's Privilege Claims, Jenkins' defamation and negligence claims, and both of Appellant's tort claims. The district court granted Appellee's motion to dismiss. Relevant here, the district court held that Appellant's false imprisonment claim should be dismissed based on Va. Code § 18.2-105.1. The district court determined that, as a matter of law, Appellant's allegations demonstrated that Appellee's employees had probable cause to believe Appellant was shoplifting due to his refusal to produce a receipt for the items in his shopping cart. Appellant also failed to allege that he was detained for an hour or more.

The district court also dismissed the Shopkeeper's Privilege Claims. Jenkins and Appellant argued that Va. Code § 18.2-105.1 combined with Va. Code § 8.01-226.9 implied a cause of action for a statutory tort Appellant called "unlawful detention." Mem. Op. Mot. to Dismiss at 4–18, *Jenkins v. Wal-Mart Stores, Inc.*, No. 2:19-cv-00271 (E.D. Va. May 23, 2019; filed May 1, 2020), ECF No. 24. But the district court determined that those laws do not expressly provide a right of action against a retailer and no such right of action has been recognized by Virginia courts. Rather, the district court held that Virginia's Shopkeeper's Privilege laws establish only a defense for Appellee and other merchants against recognize torts, such as false imprisonment or negligence, and demarcate the limits of that defense. Accordingly, the district court dismissed both Jenkins' and Appellant's individual damages claims and their request for declaratory judgment.

Appellant filed this timely appeal.[2]

## II.

"We review de novo the grant of a motion to dismiss for failure to state a claim." *Garnett v. Remedi Seniorcare of Va., LLC*, 892 F.3d 140, 142 (4th Cir. 2018). We review a district court's decision to decline to exercise its jurisdiction to issue a declaratory judgment for abuse of discretion. *Wilton v. Seven Falls Co.*, 15 U.S. 277, 289–90 (1995).

## III.

## A.

A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based on "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under Virginia law, false imprisonment constitutes the "restraint of one's liberty without any sufficient cause therefor." *Zayre of Va., Inc. v. Gowdy*, 147 S.E.2d 710, 713 (Va. 1966). While a person need not "be confined in jail or placed in the custody of an officer" to experience false imprisonment, a person must at least be "under a reasonable apprehension that force will be used unless he willingly submits." *Id.*

Nevertheless, Virginia's Shopkeeper's Privilege laws entitle merchants to an exemption from civil liability, including for claims of false imprisonment, if probable cause

---

[2] Appellee did not move to dismiss Jenkins' claims for false imprisonment, assault and battery, and conversion. Those claims were tried before a jury and are not at issue on this appeal. We note that final judgment was entered in this case on December 6, 2021 following that trial. Henderson noted his appeal as to the May 2020 order dismissing his claims and the final judgment of December 6, 2021.

exists for the restraint and detention of a customer. *Tweedy v. J.C. Penney Co., Inc.*, 221

S.E.2d 152, 155 (Va. 1976) (citing *F.B.C. Stores v. Duncan*, 198 S.E.2d 595 (Va. 1973)).

The first Shopkeeper's Privilege law permits a merchant to detain a potential shoplifter

upon probable cause:

> A merchant, agent or employee of the merchant, who has
> probable cause to believe that a person has shoplifted . . . may
> detain such person for a period not to exceed one hour pending
> arrival of a law-enforcement officer.

Va. Code § 18.2-105.1. The second law exempts such a merchant from civil liability for

"false imprisonment":

> A merchant, agent or employee of the merchant, who causes
> the arrest or detention of any person . . . shall not be held civilly
> liable for . . . false imprisonment . . . provided that, in causing
> the arrest or detention of such person, the merchant, agent or
> employee of the merchant, had at the time of such arrest or
> detention probable cause to believe that the person had
> shoplifted or committed willful concealment of goods or
> merchandise.

Va. Code § 8.01-226.9. Together, these laws exempt a merchant from civil liability for

false imprisonment if (1) the detention lasts less than an hour; and (2) the merchant had

probable cause to detain. *See Tweedy*, 221 S.E.2d at 155.

The "'scope of the [Shopkeeper's Privilege] exemption intended by the [Virginia]

General Assembly [is] very broad,'" thus, an "expansive rather than restrictive scope [is

given] to the probable cause defense." *Brandau v. J. C. Penney Co., Inc.*, 646 F.2d 128,

131 (4th Cir. 1981) (quoting *F.B.C. Stores*, 198 S.E.2d at 598). Accordingly, in

determining whether a merchant had probable cause to detain an individual, courts ask only

7

whether "an ordinarily prudent person" would have acted as the merchant did under the circumstances. *F.B.C. Stores*, 198 S.E.2d at 599; *see also Tweedy*, 221 S.E.2d at 155.

Here, Appellant failed to state a claim for false imprisonment because he failed to allege that the employees placed him "under a reasonable apprehension that force [would] be used" against him if he tried to leave the store. *See Zayre*, 147 S.E.2d at 713. Appellant has not alleged that Wheeler ever physically prevented him from leaving the store, that she threatened to restrain him if he tried to leave, or that she told him he was not free to go. The Amended Complaint alleges only that Wheeler asked to see Appellant's receipt and, while doing so, held on to Appellant shopping cart. Objectively, a mere request to see a receipt could not have made Appellant reasonably afraid that he would be forcibly restrained if he tried to leave. For instance, in *Anderson v. Wal-Mart Stores, Inc.*, the district court concluded that the plaintiff was not falsely arrested or imprisoned when an officer "only sought to get [the plaintiff] to provide a receipt for her purchases." No. 12-cv-61047, 2013 WL 773473, at *10 (S.D. Fla. Feb. 28, 2013). Similarly, as the Eleventh Circuit recently held, the placing of a store employee's hands on a shopping cart does not by itself rise to the level of false imprisonment. *See Archer v. City of Winter Haven*, 846 F. App'x 759, 765 (11th Cir. 2021) (concluding that plaintiff was not falsely imprisoned when store employee "placed his hands on [plaintiff's] cart when [plaintiff] tried to leave the store with [a] television").

Appellant's allegations against Shelton fail for similar reasons. In total, Appellant alleges that Shelton took just three actions: (1) Shelton "stood in front of" Appellant; (2) Shelton "forced" Appellant away from his shopping cart; and (3) as Shelton "started to

8

walk away," he told Officer McClain that he wanted Appellant "out of the store." J.A. 18 ¶¶ 27–29; 34 ¶ 111. Objectively, none of these actions could have given Appellant reason to fear that Shelton would use force against him if he tried to leave. Although Appellant alleged that by standing in front of him, Shelton prevented [Appellant from leaving]," Appellant failed to allege why such an action placed him "under a reasonable apprehension" that Shelton would use force to restrain appellant if Appellant attempted to leave. Appellant has not alleged that Shelton made any threats or took any menacing action toward him, other than standing in front of him, or that Shelton sought to physically accost Appellant in any way. Rather, the Amended Complaint establishes that Shelton wanted to get Appellant "out of the store," *not* keep him there. Virginia law does not "recognize a cause of action for false imprisonment simply for telling a person to 'get out.'" *Kirven v. Super Fresh Food Mkts.*, No. LC-3041-4, 1998 WL 972137, at *2 (Va. Cir. Mar. 17, 1998). And Appellant's further allegation that he was the one who "reached out with his hand to Shelton to get Shelton's attention as [Shelton] walked away," J.A. 19 ¶ 30, demonstrates that Appellant did not have any fear -- reasonable or not -- that Shelton would try to forcefully restrain him.

In any event, even if Appellant successfully stated a claim for false imprisonment, Appellant's allegations nonetheless fall within the scope of Virginia's Shopkeeper's Privilege. First, Appellant failed to allege that he was detained for more than an hour before the "arrival of a law-enforcement officer." Va. Code § 18.2-105.1. According to the complaint, Officer McClain already "was at [the store] when [Appellant] was stopped by [Wheeler]." J.A. 19 ¶ 29.

9

Second, Appellant's allegations underscore that the store employees had probable cause to believe Appellant had shoplifted and that the employees acted as ordinarily prudent people would have acted under the circumstances. Appellant alleged that, when asked, he did not timely produce a receipt for the goods he was wheeling out of the store. Appellant did not allege that he gave any indication that he was searching for the receipt in his pocket or wallet, that he would have produced a receipt shortly, or that he ever did produce a receipt over the course of the entire encounter. *See Est. Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir. 1994) ("[I]t is not . . . proper to assume that the plaintiff can prove facts that he has not alleged or that the defendants have violated the . . . law in ways that have not been alleged." (internal quotation marks, alterations, and citation omitted)). Thus, Appellant's failure to produce a receipt for items he was attempting to carry out of the store constitutes probable cause, and any "ordinarily prudent person" would have sought to prevent a cart of potentially stolen goods from leaving the store.

In his briefing, Appellant focuses his claim of false imprisonment on those few moments between when Wheeler first requested to see Appellant's receipt and when he failed to produce one. However, the Amended Complaint says very little about what happened during those few moments aside from alleging that Wheeler "stopped [Appellant], held on to his shopping cart, and asked to see his receipt." J.A. 18 ¶ 25. As discussed above, none of these allegations establish that Appellant reasonably feared that Wheeler would forcefully confine him during that brief interlude. Thus, Appellee is exempt from liability under Virginia's Shopkeeper's Privilege laws.

10

In essence, Appellee gave Appellant three choices: Appellant could have produced a receipt and left; he could have abandoned the shopping cart items and left; or he could have done neither and stayed. But having a choice between staying put and leaving without the items in a shopping cart simply does not rise to the level of forced confinement. *See, e.g.*, *Archer*, 846 F. App'x at 765 ("[Customer] could have left the store and escaped any confinement by either showing [store employee] his receipt or leaving the store without his television, which he eventually did. Accordingly, . . . [Customer] did not [experience] false imprisonment."). Therefore, the district court err by concluding that Appellant failed to state a claim for false imprisonment, and this court should affirm its order dismissing Appellant's false imprisonment claim.

## B.

"A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55–56 (4th Cir. 2011).

Here, along with his claim of false imprisonment, Appellant sought a declaratory judgment that Appellee's alleged practice of "requiring [individuals] to show their receipt before leaving" a store, without probable cause, "is unlawful because it violates Va. Code § 18.2-105.1," one of Virginia's Shopkeeper's Privilege laws. J.A. 22 ¶ 39. Appellant also brought a substantive claim for damages under the same Shopkeeper's Privilege theory. Appellant now appeals the dismissal of only the declaratory judgment claim, not his damages claim.

11

Below, the district court determined that while § 18.2-105.1 protects merchants from civil liability within certain limits, it does not provide a private right of action for the breach of those limits. "In Virginia, a private right of action to enforce a statute must be expressly created by that statute." *Va. Auto. Dealer's Ass'n v. Tesla Motors, Inc.*, 94 Va. Cir. 269, 275 (2016) (collecting cases); *see also Cherrie v. Va. Health Servs., Inc.*, 787 S.E.2d 855, 858 (Va. 2016) ("We would never infer a 'private right of action' based solely on a bare allegation of a statutory violation."). Therefore, because Appellant failed to plead a substantive tort under Virginia law, the district court properly dismissed Appellant's damages claim and did not abuse its discretion when it declined, on a class-wide basis, "to issue declaratory judgments to create a new civil remedy that has not been previously recognized by Virginia courts." J.A. 67.

On appeal, Appellant attempts to recast his claim as one seeking declaratory judgment as to whether Appellee's alleged practice of requesting receipts, in the abstract, constitutes false imprisonment. However, for the reasons discussed above, Appellant failed to state a claim for false imprisonment. Because Appellant's false imprisonment claim fails on the merits, any associated claim for declaratory relief must fail with it. *See CGM*, 664 F.3d at 55–56. Therefore, the district court did not abuse its discretion in prohibiting Appellant from pursuing relief on behalf of a class after dismissing Appellant's underlying substantive claim.

## IV.

For the foregoing reasons, we affirm the district court's grant of the Appellee's motion to dismiss. We dispense with oral argument because the facts and legal contentions

12

are adequately presented in the materials before this court and argument would not aid the

decisional process.

*AFFIRMED*