COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Huff and Callins

SUSAN MUELLER AND
 DAVID BARODOFSKY

v.      Record No. 1164-22-2                    MEMORANDUM OPINION*
                                                PER CURIAM
HSBC BANK USA, N.A.,                            FEBRUARY 14, 2023
 SPECIALIZED LOAN SERVICING, LLC,
 EQUITY TRUSTEES, LLC AND
 FFC PROPERTIES, LLC

FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
Richard E. Moore, Judge

(Edward M. Wayland, on briefs), for appellants.

(Samuel J. Kaufman; Bennette H. Sharpe IV; Aaron D. Neal; David
L. Ward; William D. Bayliss; Owen & Owens PLC; BWW Law
Group, LLC; Williams, Mullen, Clark & Dobbins, P.C., on brief), for
appellees.


Susan Mueller and David Barodofsky (collectively "Mueller") appeal the circuit court's

entry of a partial final judgment dismissing three causes of action in their complaint against HSBC

Bank USA, N.A., Specialized Loan Servicing, LLC (SLS), Equity Trustees, LLC, and FFC

Properties, LLC (collectively "the appellees"). On appeal, Mueller challenges the circuit court's

dismissal of the first cause of action of the amended complaint based on the statute of limitations for

actions of fraud, arguing that they did not claim that the appellees engaged in fraud. After

examining the briefs and record, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We find no

error and affirm the decision of the circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In reviewing a circuit court's judgment sustaining a demurrer, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018).

In 2006, Mueller procured a mortgage loan from Washington Mutual, Inc. to purchase a home.[1] In 2007, Mueller refinanced the mortgage with Countrywide Home Loans, Inc. The Countrywide representative informed Mueller that, after refinancing, the loan principal amount would be $307,000 and her monthly payment amount would be approximately $1,400. Mueller signed the mortgage documents without reviewing them, but did not sign the related deed of trust. Countrywide did not provide Mueller a copy of the mortgage documents. Countrywide filed a deed of trust with the circuit court allegedly bearing Mueller's forged signature. Mueller later reviewed her first mortgage statement and learned the principal balance of the mortgage was $324,000 and the monthly payment was $3,800. Mueller contacted the Countrywide representative who assured Mueller the terms of the loan would be corrected. However, no correction was made. Despite this issue, Mueller made multiple mortgage payments at the higher amount and continued to ask for the correction.

In 2008, Bank of America acquired Mueller's loan after Countrywide went out of business. Mueller applied for benefits under the Home Affordable Modification Program. Upon her application, a Bank of America representative told Mueller to stop making mortgage payments while her application was processed.

HSBC later acquired the mortgage loan from Bank of America, and appointed SLS as the mortgage servicer on this account. Because Mueller had ceased making mortgage payments, SLS treated her mortgage loan as if it were in default. Mueller claimed that SLS agents made several

---

[1] Mueller purchased the home before she and Barodofsky married in 2016.

visits to her home over the years and "damaged the home, broke locks, and entered [Mueller's] home without their knowledge or consent." SLS made several foreclosure attempts, but those paused when Mueller sought bankruptcy protection.

Around 2015, Mueller filed a complaint against SLS in the United States District Court for the Western District of Virginia (the federal court) asking for declaratory judgment that the deed of trust on her property was void and inoperative because her signature had been forged. The federal court interpretated this as a fraud claim and dismissed it because Mueller failed to plead "with particularity the circumstances constituting fraud." Mueller also claimed that SLS was liable for intentional infliction of emotional distress. The federal court dismissed this claim because the disputed conduct was "not outrageous and intolerable." Finally, the federal court rejected Mueller's request for a preliminary injunction preventing further foreclosure actions because Mueller could not succeed on the underlying claims.

In 2019, after the proceedings concluded in the federal court, SLS initiated another foreclosure action against Mueller, and hired Equity Trustees, LLC to act as the trustee under the deed of trust and to proceed with the collection action. Equity Trustees sold the residence to FFC Properties, LLC in a foreclosure sale in December 2019. Mueller alleged that she was not notified of the foreclosure sale. In January 2020, FFC Properties informed Mueller that they had to leave the property. On February 24, 2020, FFC Properties filed a summons for unlawful detainer in the Fluvanna County General District Court (GDC), seeking to evict Mueller from the property.

While the unlawful detainer was pending, Mueller filed a civil complaint in the circuit court against HSBC, SLS, Equity Trustees, and FFC Properties, seeking declaratory and injunctive relief, and alleging that the signature on the deed of trust was a forgery and that she did not receive notice of the foreclosure sale. Mueller also claimed conversion, intentional infliction of emotional distress, and trespassing, and sought compensatory and punitive damages. Mueller filed a motion for a

preliminary injunction to prevent the appellees from taking any action while the cause was pending. In response, the appellees filed demurrers. Following a hearing, the circuit court sustained appellees' demurrers but gave Mueller 21 days within which to file an amended complaint.

In the first cause of action of the amended complaint, Mueller requested declaratory and injunctive relief, alleging that her signature on the deed of trust was a forgery and that, because the appellees were aware of this forgery, they had no legal right to proceed with the foreclosure sale on Mueller's home. In the second cause of action, Mueller claimed conversion, arguing that the appellees entered Mueller's property without notice or permission and "have broken locks, and damaged or removed items." In the third cause of action, Mueller alleged intentional infliction of emotional distress, because the appellees had continued to try to remove her from her home without legal basis. In the fourth cause of action, Mueller charged trespassing because the appellees entered her property without consent. Mueller sought compensatory and punitive damages. HSBC, SLS, and Equity Trustees demurred to the amended complaint. FFC Properties filed a demurrer and a special plea of statute of limitations. Mueller opposed the demurrers.

The parties convened for hearing on April 15, 2021. On March 3, 2022, the circuit court issued an opinion letter. The circuit court sustained the appellees' demurrers to the first cause of action. The circuit court held that because a declaratory judgment is "forward looking," and "not a means to address past wrongs," it was not an appropriate method to achieve the relief Mueller sought, which was to invalidate the deed of trust recorded years earlier or set aside the foreclosure sale that had already occurred. The circuit court did not grant Mueller leave to replead this cause of action. The circuit court also held that even if the declaratory judgment were permissible, Mueller's challenge to the alleged forgery was untimely under the statute of limitations for fraud. The circuit court acknowledged Mueller's argument that this was "not really a fraud case, but [was] a declaratory judgment action simply alleging an invalid deed of trust and faulty sale." The circuit

- 4 -

court rejected this claim because "the only way they prevail is by proving forgery," and "[i]n Virginia, forgery is fraud," which has a two-year statute of limitations. The circuit court found that Mueller learned of the alleged fraud in 2013, so the statute of limitations to assert such claim had long since expired. The circuit court further held that "a declaratory judgment action cannot be used to get around the applicable and appropriate statute of limitations." The circuit court also acknowledged Mueller's argument that "they are not relying on a claim that any of the [appellees] committed any fraud so the proper statute of limitation should be the one for adverse possession, which is 15 years." The circuit court found "it [made] no sense to frame" the case as one of adverse possession as Mueller was "not claiming or asserting a claim under adverse possession, they are asserting a claim saying they are the record owners. And FFC is not asserting a claim of adverse possession, as they are claiming under the foreclosure sale."

The circuit court sustained the appellees' demurrer to the second cause of action because "conversion applies only to goods/chattels/personal property," and Mueller had "not pleaded any specific personal property that was converted by any of the [appellees]." The circuit court did not allow Mueller to replead this count because she had failed to cure the deficiencies of this argument in the original brief, despite the opportunity to do so. The circuit court sustained the appellees' demurrer to the third cause of action because Mueller did not allege facts that were "outrageous, intolerable, or atrocious" to support a claim of intentional infliction of emotional distress. Because Mueller also did not cure this claim in the amended complaint, the circuit court did not permit Mueller to replead the claim in another amended complaint. The circuit court sustained the appellees' demurrer to the fourth cause of action of trespass because it was "not clear from the pleading who committed a trespass, who authorized it, in what way any [the appellees] trespassed, and what damages occurred from the trespass." The circuit court, however, permitted Mueller to file an amended complaint on this count.

The circuit court entered a partial final judgment under Rule 1:2, sustaining the appellees' demurrers to the first three causes of action. The circuit court sustained the appellees' demurrers to the fourth cause of action, but permitted Mueller leave to file an amended complaint as to this count only. The circuit court made the express finding that the interests Mueller raised in the first three causes of action were "separate and distinct" from those in the fourth cause of action, that "the results of any appeal from the partial final judgment cannot affect decision of the remaining claim," and that the circuit court's decision in the fourth cause of action cannot impact the disposition of the first three causes of action "if the Partial Final Judgment is reversed on appeal." Mueller timely appealed.

### ANALYSIS

"This Court reviews a circuit court's decision to sustain a demurrer de novo." *Givago Growth, LLC v. iTech AG, LLC*, 300 Va. 260, 264 (2021). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Id.*

In the assignment of error on appeal, Mueller argues that the circuit court erred in sustaining the appellees' demurrer based on the two-year statute of limitations for fraud. Mueller asserts that they "have not claimed that any of the [appellees] were involved in placing . . . Mueller's signature" on the deed of trust. Mueller contends that because they "never signed the Deed of Trust, there [was] no valid Deed of Trust, and the [appellees] did not have any legal authority to proceed with a foreclosure sale under the process authorized by that Deed of Trust." Mueller concludes that the claim must be treated as one of adverse possession, which has a 15-year statute of limitations.

Mueller focuses solely on the circuit court's finding that the two-year statute of limitations for fraud applied to the cause of action requesting declaratory judgment. This, however, was the circuit court's alternative rationale for its holding. The circuit court also found

that declaratory judgment was not an available remedy for the relief that Mueller sought. "It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." *Ferguson v. Stokes*, 287 Va. 446, 452 (2014) (quoting *Manchester Oaks Homeowner's Ass'n v. Batt*, 284 Va. 409, 421 (2012)). Thus, "in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" *Johnson v. Commonwealth*, 45 Va. App. 113, 116 (2005) (quoting *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001)).[2]

Of course, "we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision." *Id.* at 117. "But, in making that decision, we do not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal." *Id.*

Here, the circuit court sustained the appellees' demurrer as to the first cause of action because declaratory judgments provide prospective relief, and Mueller's requested relief is "backwards looking." Declaratory judgments are only appropriate before a right has been violated. *See RECP IV WG Land Invs. LLC v. Cap. One Bank (USA), N.A.*, 295 Va. 268, 281 (2018). Otherwise stated, "[t]he intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature." *Id.* (quoting *Cherrie v. Virginia Health Servs.*, 292 Va. 309, 317

---

[2] Although Mueller addresses the alternative holding in their reply brief, we will only consider arguments made in the opening brief. *See* Rule 5A:20 (requiring that all arguments are in the opening brief). *See also Palmer v. Atl. Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (refusing to consider an argument raised for the first time in the reply brief); *Whitley v. Commonwealth*, 223 Va. 66, 79 n.2 (1982) ("[W]e will not notice a non-jurisdictional question raised for the first time in a reply brief filed in this Court.").

(2016)). Accordingly, "where claims and rights asserted have fully matured, and the alleged wrongs have already been suffered, a declaratory judgment proceeding . . . is not an available remedy." *Id.* (quoting *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Sup'rs*, 285 Va. 87, 98 (2013)). As the circuit court found, Mueller was seeking "to invalidate the deed of trust that was recorded long ago, and to set aside the foreclosure sale that has already occurred," and declaratory judgment was not an available remedy for the relief that Mueller sought. Accordingly, the record shows that there is "a separate and independent basis to affirm the circuit court's ruling and we will not reverse it." *Ferguson*, 287 Va. at 453.[3] This alternate holding makes it unnecessary for this Court to examine Mueller's statute of limitations argument.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*

---

[3] In the substance of their brief, Mueller asserts that they should be able to recover damages for intentional infliction of emotional distress because "the actions taken by the [appellees] in selling their home at a foreclosure sale caused them serious emotional distress." However, that argument is not encompassed by their assignment of error. "An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the *core* of the appeal." *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017). We are "limited to reviewing the assignments of error presented by the litigant." *Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017). "Consequently, we do not consider issues touched upon by [Mueller's] argument but not encompassed by [the] assignment of error." *Id.* at 290.