UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Bernhard
Argued at Christiansburg, Virginia

KARL MOGENSEN, ET AL.

MEMORANDUM OPINION[*] BY
v.      Record No. 1803-24-3       JUDGE LISA M. LORISH
JANUARY 27, 2026

THE VIRGINIA STATE POLICE

FROM THE CIRCUIT COURT OF THE COUNTY OF ROCKBRIDGE
Christopher B. Russell, Judge

Aaron L. Cook (Erin Harrigan; Gentry Locke Attorneys; Cook
Attorneys, PC, on briefs), for appellant.

Michael Dingman, Deputy Solicitor General (Jason S. Miyares,[1]
Attorney General; Andrew R. Parker, Senior Assistant Attorney
General, on brief), for appellee.


Karl and Deborah Mogensen filed a motion, purportedly under Code § 19.2-60, arguing

that the Virginia State Police improperly seized their animals from the Natural Bridge Zoo Park.

After the trial court denied their request for an evidentiary hearing on the motion as well as the

motion itself, our Court held in *Highlander v. Virginia Department of Wildlife Resources*, 84

Va. App. 404, 438-49 (2025), that Code § 19.2-60 does not create a cause of action. Instead,

"Code § 19.2-60 is simply a procedure available in criminal cases that provides a statutory

mechanism for both the suppression of illegally seized evidence but also for its return if not

contraband." *Id.* at 439 (emphasis omitted). For this reason, the Mogensens failed to state a

claim under Code § 19.2-60.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND

The Mogensens own and operate a zoological facility in Rockbridge County called Natural Bridge Zoo Park. During spring 2023, the Zoo housed over 300 birds and 300 mammals. In December 2023, the Virginia State Police executed a search warrant at the Zoo. Law enforcement seized or impounded a total of 99 animals.

Following the seizure of the animals, the Attorney General filed two petitions on behalf of Rockbridge County to permanently seize the 99 animals under Code § 3.2-6569. A jury ultimately found that 71 of the seized animals were mistreated. The remaining 29 animals were returned to the Mogensens.[2] The Mogensens separately appealed the results of this trial, and today we issued an opinion affirming the trial court in *Mogensen v. County of Rockbridge.*

This appeal follows from a separate action the Mogensens initiated against the VSP, who executed the search warrant. The Mogensens filed a "motion for return of seized property and to suppress" against the VSP, citing Code § 3.2-6570 as authority for the motion.[3] The circuit court held a hearing on the motion and ruled that the Mogensens failed to make a substantial preliminary showing that the affiant had made a materially false statement or omission knowingly and intentionally or with reckless disregard of the truth in connection with the warrant. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) (outlining when a movant is entitled to an evidentiary hearing on their motion to suppress). The court also denied the suppression motion, finding that the affidavit contained sufficient detail for a judge to issue the search warrant, and denied the Mogensens' request for an evidentiary hearing.

---

[2] One animal gave birth while in the County's custody.

[3] On the civil cover sheet, the Mogensens selected "other" as the type of claim and specified this was a "19.2-60 Motion."

The Mogensens appealed, arguing that the warrant was deficient for various reasons: because the affidavit failed to establish the reliability and credibility of the confidential information on which the warrant relied, because it contained material deficiencies and omissions, and because it generally failed to state a sufficient basis to justify the seizure of the animals. After the VSP filed its brief asking this Court to affirm the trial court's rulings, we issued a published opinion in *Highlander v. Virginia Department of Wildlife Resources*, 84 Va. App. 404 (2025). The VSP thereafter filed a notice of supplemental authority urging this Court to apply the conclusion in *Highlander* that Code § 19.2-60 "does not create a right of action for the Mogensens" and affirm the trial court "on that additional ground."

ANALYSIS

The threshold question is whether the Mogensens could institute an action directly against the VSP under Code § 19.2-60. "Under well-established principles, an issue of statutory interpretation is a pure question of law which [this Court] review[s] de novo." *Harris v. Commonwealth*, 83 Va. App. 571, 581 (2025) (alterations in original) (quoting *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020)).

We start with the text of the statute. Code § 19.2-60 provides:

> A person aggrieved by an allegedly unlawful search or seizure may move the court to return any seized property and to suppress it for use as evidence. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted by a court of record, any seized property shall be restored as soon as practicable unless otherwise subject to lawful detention, and such property shall not be admissible in evidence at any hearing or trial.

The Mogensens argue that this statute confers the right to directly proceed against the VSP and challenge the seizure of their animals.

Our recent decision in *Highlander* squarely forecloses that argument. In *Highlander*, we observed that "[n]o court has held that Code § 19.2-60 creates a cause of action." 84 Va. App. at

438. Instead, "Code § 19.2-60 is a procedural statute" that "provides for the making of a motion to return property illegally seized and to suppress the introduction of that property as evidence." *Troncoso v. Commonwealth*, 12 Va. App. 942, 943 (1991). Thus, "[i]n context, Code § 19.2-60 is simply a procedure available in criminal cases that provides a statutory mechanism for both the suppression of illegally seized evidence but also for its return if not contraband." *Highlander*, 84 Va. App. at 439 (emphasis omitted). And we expressly "decline[d] to recognize" a right of action in the statute. *Id.*[4]

The Mogensens cited only Code § 19.2-60 as the basis for bringing a motion directly against the VSP for the return of their seized animals. Because this statute does not create a private right of action, the Mogensens failed to state a claim, and the circuit court properly denied the motion. *See, e.g.*, *Cherrie v. Va. Health Servs.*, 292 Va. 309, 319 (2016) (affirming the dismissal of a complaint when the governing statute did not authorize a private right of action).

CONCLUSION

For these reasons, we affirm the judgment of the circuit court.

*Affirmed.*

---

[4] The appellants in *Highlander* also raised a claim under Code § 19.2-59, which prohibits warrantless searches and explicitly provides that any officer performing such a search shall be "liable to any person aggrieved thereby in both compensatory and punitive damages." *Id.* at 439 (quoting Code § 19.2-59). In contrast with Code § 19.2-60, this statute creates a cause of action against law enforcement officers and other government agents. *Cromartie v. Billings*, 298 Va. 284, 296-97 (2020) (citing *Buonocore v. Chesapeake & Potomac Tel. Co.*, 254 Va. 469, 473 (1997)).